MICHAEL HOFFMAN, Bar No. 162496
ARENA HOFFMAN LLP
220 Montgomery Street, Suite 905
San Francisco, CA 94104
Telephone: 415.433.1414
Facsimile: 415.520.0446
Email: mhoffman@arenahoffman.com

Attorneys for Defendants AUTOZONERS,
LLC and AUTOZONE, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL CISNEROS, an individual | Case No. '23CV0149 H    AGS |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| AUTOZONERS, LLC a foreign corporation; AUTOZONE, INC., a foreign corporation; and DOES 1 through 50, inclusive, | |
| Defendants. | |

TO THE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

Defendants AutoZoners, LLC and AutoZone, Inc. (collectively "AutoZone"), for purposes of removing this action on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, *et seq*., to the United States District Court for the Southern District of California, serve notice and respectfully aver:

**PLEADINGS AND PROCEEDINGS TO DATE**

1.  On or about December 16, 2022, a Complaint in this action was filed in Superior Court of California, County of San Diego, and assigned case no. 37-2022-00050312-CU-0E-CTL by said court (the "Action"). San Diego County Superior

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL

1    Court issued a Summons on or about December 16, 2022.  True and correct copies of
2    the Summons and Complaint are attached hereto as Exhibit A.

3        2.    On December 28, 2022, the Summons and Complaint were served on
4    AutoZoners, LLC and AutoZone, Inc. Additional papers on file in San Diego Superior
5    Court regarding the Action are:  Civil Case Cover Sheet, Notice of Case Assignment
6    and Case Management Conference, and Alternative Dispute Resolution Information.
7    True and correct copies of said documents are attached hereto as Exhibit B.

8        3.    On January 24, 2023, AutoZone filed and served an Answer to the
9    Complaint.  Attached hereto as Exhibit C is a true and correct copy of the Answer.

10       4.    AutoZone is informed and believes that the aforementioned Exhibits A,
11   B, and C constitute all of the process, pleadings, and orders on file in the action.

12       5.    AutoZone is informed and believes that there has been no service of
13   process upon Defendant Does 1 through 50, nor other parties, named or otherwise.
14   The identification of "Doe" defendants does not defeat removal to this Court.  All
15   existing and served Defendants consent and join in the removal of this action.

16       6.    Thirty days since service of the Summons and Complaint have not yet
17   expired.  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

18                          **DIVERSITY JURISDICTION**

19       7.    This action is one which may be removed to this Court by AutoZone
20   pursuant to 28 U.S.C. §§ 1332, 1441, 1446, in that there is complete diversity of
21   citizenship between the parties and Plaintiff seeks damages in excess of the minimum
22   statutory amount in controversy.

23       8.    Plaintiff is, and at all times relevant has been, a United States citizen and
24   domiciled in California.  (Exh. A, Compl. at 2)  Plaintiff worked at AutoZone stores
25   and offices in Fallbrook, Escondido, and San Marcos, California.  According to her
26   personnel records, Plaintiff resided in San Marcos at all times relevant and currently
27   resides there.  Plaintiff attended high school in Escondido and vocational school in
28   San Marcos.  Plaintiff holds a California driver's license and Social Security number.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

NOTICE OF REMOVAL                    2.

She identified San Marcos on tax forms as her domicile in 2020 and 2021. Plaintiff therefore has been domiciled in California at all times relevant; she intends to remain domiciled in California.

9.    AutoZone, Inc. is, and at all times relevant was, a Nevada corporation. Attached hereto as Exhibit D is a true and correct copy of the Nevada Secretary of State's public registry for AutoZone, Inc., posted at https://nvsos.gov. AutoZone, Inc. has its principal place of business and corporate headquarters in Memphis, Tennessee.

10.   AutoZoners, LLC is, and at all times relevant was, a Nevada limited liability corporation. Attached hereto as Exhibit E is a true and correct copy of the Nevada Secretary of State's public registry for AutoZoners, LLC, posted at https://nvsos.gov. AutoZoners, LLC has its principal place of business at the corporate headquarters of AutoZone, Inc. in Memphis, Tennessee. AutoZone Investment Corporation is the sole member entity of AutoZoners, LLC. AutoZone Investment Corporation is incorporated in Nevada. Attached hereto as Exhibit F is a true and correct copy of the Nevada Secretary of State's public registry for AutoZone Investment Corporation, posted at http://nvsos.gov. AutoZone Investment Corporation has its principal place of business at the corporate headquarters of AutoZone, Inc. in Memphis, Tennessee.

11.   Plaintiff is a citizen of the United States and domiciled in California. Defendants are not domiciled in California. Complete diversity of citizenship exists between the parties.

12.   In the Complaint, Plaintiff asserts the following claims under state law arising from her employment and separation: (1) violation of the Family Rights Act, Cal. Govt. Code § 12945.1; (2) retaliation under the Fair Employment and Housing Act ("FEHA"), Cal. Govt. Code § 12940; (3) whistleblower retaliation under Labor Code section 1102.5; (4) FEHA discrimination based on gender and disability; (5) failure to engage in the interactive process for disability; (6) failure to provide reasonable accommodation for disability; (7) failure to prevent FEHA violations; (8)

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA 94104
415.433.1414

NOTICE OF REMOVAL                                    3.

FEHA harassment based on gender, disability, and marital status; and (9) common law wrongful termination in violation of public policy. (Exh. A, Compl.)

13.    The District Courts of the United States have original and removal jurisdiction over any action where the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the plaintiff and the defendant.  28 U.S.C. §§ 1332(d), 1441(b).  The jurisdictional minimum may be satisfied by claims for all damages and attorneys' fees in amounts reasonably anticipated at the time of removal.  Plaintiff does not state in her Complaint whether she seeks damages of $75,000 or less.  Where it is unclear from the Complaint whether more than $75,000 is in controversy, a defendant need only include plausible allegations that the amount in controversy exceeds the jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014).

14.    Plaintiff alleges that she suffered employment discrimination, retaliation, and harassment. (Exh. A, Compl.)  She seeks lost income damages after her separation in July 2021 and alleges that she "continues" to lose income due to her separation. (Exh. A, Compl. at 8, 10, 12, 15, 18, 20, 22, 24-26)  Her annual compensation at the time of separation was approximately $55,000.  AutoZone therefore estimates that the claimed lost income totals $82,000 since her separation in July 2021.  (Id. at 6)

15.    Plaintiff also seeks general damages for emotional distress and injuries. According to Plaintiff, she sustained mental distress and "physical" injuries, described as "flareups of her disease," "rapid heartbeat," and "stomach problems." (Exh. A, Compl. at 9-10, 12-13, 15, 18, 20, 22, 24, 26)  California courts may award substantial amounts for general damages in FEHA actions.  *See Roby v. McKesson Corp*., 47 Cal.4th 686 (2009) (affirming verdict of $500,000 in general damages); *Simmons v. PCR Tech*., 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) (verdict of $3,500,000 was instructive, even though plaintiff had worked only four months).  Given the range of general damage awards in FEHA actions and Plaintiff's damage demand, the amount in controversy for alleged emotional distress damages totals $25,000 or more.  *Kroske*

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

NOTICE OF REMOVAL                                   4.

*v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (district court correctly exercised removal jurisdiction, even though the plaintiff did not quantify damages in interrogatory responses, because "her emotional distress damages would add at least an additional $25,000 to her claim").

16.     Plaintiff seeks punitive damages for alleged malice regarding the claimed conduct. (Exh. A, Compl. at 10, 13, 18, 21-22, 24-26)  Punitive damages and penalties form part of the amount in controversy.  *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  California courts allow punitive damage awards in discrimination cases which may exceed the plaintiff's actual damages.  *Roby*, 47 Cal. 4th at 719 (punitive damage award of $1,905,000 affirmed); *Simmons*, 209 F. Supp. 2d at 1033 ("Although the facts of the instant action are far less egregious, defendant has met its burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award").  A punitive damage award of $25,000 reasonably estimates the amount in controversy for an award of punitive damages if Plaintiff proves the allegations in the pleading.

17.     Plaintiff demands an award of attorneys' fees and costs, including expert fees, pursuant to Cal. Govt. Code § 12965. (Exh. A, Compl. at 26)  All attorneys' fees and costs, including post-removal fees, form part of the amount in controversy.  *Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002).  For purposes of removal, AutoZone is informed and believes that the local attorney rate is $300 per hour in employment cases.  Plaintiff's counsel will spend an estimated 100 hours litigating the matter.  Thus, her demand for attorneys' fees and costs adds at least $30,000 to the amount in controversy.  *Simmons*, 209 F. Supp. 2d at 1034-35 (upholding removal where wage loss totaled $25,600: "While attorney's fees alone would not necessarily exceed $75,000, when viewed in combination with alleged compensatory, punitive, and emotional distress damages, the jurisdictional amount is clearly satisfied").

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

NOTICE OF REMOVAL                          5.

18.    On or about August 11, 2022, before filing suit, Plaintiff conveyed a settlement demand to AutoZone in an amount exceeding $75,000.  Based on the allegations in the pleading and Plaintiff's demand, the amount in controversy exceeds the statutory minimum of $75,000 for purposes of diversity and removal jurisdiction. *Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002); *Babasa v. Lenscrafters, Inc*., 498 F.3d 972, 975 (9th Cir. 2007).

**VENUE**

19.    This is a civil suit brought in a California state court.  Plaintiff alleges that she was employed in San Diego County, and that her alleged damages occurred in San Diego County.  Based on the allegations in Plaintiff's Complaint, AutoZone is informed and believes that the events giving rise to this action occurred within this judicial district.  This Court is the appropriate venue for actions removed from San Diego County Superior Court.

20.    AutoZone is giving written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, San Diego County, or as further required by statute.

WHEREFORE, Defendant AutoZone, Inc. prays that the above-referenced action now pending in San Diego County Superior Court, no. 37-2022-00049631-CU-OE-CTL, be removed from that court to this United States District Court.

Dated: January 26, 2023

/S/ Michael Hoffman
MICHAEL HOFFMAN
ARENA HOFFMAN LLP
Attorney for Defendants
AUTOZONERS, LLC and
AUTOZONE, INC.

ARENA HOFFMAN LLP
220 Montgomery Street
Suite 905
San Francisco, CA  94104
415.433.1414

NOTICE OF REMOVAL                                              6.