# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>AUTOZONERS, LLC, a foreign corporation; AUTOZONE, INC., a foreign corporation; and DOES 1<br>through 50, inclusive.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>CRYSTAL CISNEROS | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/16/2022** at 06:16:36 PM<br>Clerk of the Superior Court<br>By Taylor Crandall, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Diego - Hall of Justice<br>330 W. Broadway, San Diego, CA 92101 | 37-2022-00050312-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah Gallagher, Esq., Gold Coast Counsel - 421 Broadway, PMB 1533, San Diego, CA 92101 (833) 727-2442

| DATE: | 12/19/2022 | Clerk, by | *T. Crandall* | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | T. Crandall | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Autozone, Inc., a foreign corporation

    under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

1  Sarah Gallagher, Esq. SB #320487
   Gold Coast Counsel
2  421 South Broadway, PMB #1533
   SAN DIEGO, CALIFORNIA 92101
3  TELEPHONE: (833) 727-2442

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/16/2022** at 06:16:36 PM
Clerk of the Superior Court
By Taylor Crandall, Deputy Clerk

4
5  Attorney for Plaintiff,
   CRYSTAL CISNEROS

6

7        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                  **COUNTY OF SAN DIEGO**

9

10  CRYSTAL CISNEROS,                    Case No.: 37-2022-00050312-CU-OE-CTL

11         Plaintiff,                    **PLAINTIFF'S COMPLAINT FOR**
                                         **DAMAGES**
12     v.
                                         1) **Violation of CFRA for Interference &**
13  AUTOZONERS, LLC, a foreign              **Retaliation: Cal. Gov. Code §12945.1,** *et*
    corporation; AUTOZONE, INC., a foreign   *seq.*
14  corporation; and DOES 1 through 50,  2) **Retaliation: Cal. Gov. Code: § 12940(a);**
15  inclusive,                           3) **Retaliation: Cal. Labor Code § 1102.5;**
                                         4) **Discrimination: Cal. Gov. Code §**
16         Defendants.                      **12940(a);**
                                         5) **Failure to Engage in the Interactive**
17                                          **Process: Cal. Gov. Code §12940(n);**
18                                       6) **Failure to Accommodate:**
                                            **Cal. Gov. Code §12940(m);**
19                                       7) **Failure to Prevent Discrimination,**
                                            **Harassment, and Retaliation: Cal. Gov.**
20                                          **Code §12940(k);**
21                                       8) **Harassment: Cal. Gov. Code § 12940,**
                                            **subd. (j);**
22                                       9) **Wrongful Termination in Violation of**
                                            **Public Policy;**
23
24
25
26        Plaintiff, CRYSTAL CISNEROS, respectfully submits the instant Complaint for
27  Damages and Demand for Jury Trial and alleges as follows:
28  ///

---

1

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
*Crystal Cisneros v. AutoZoners, LLC, et al.*                    Sarah E. Gallagher, Esq.

## PARTIES AND JURISDICTION

1.    Plaintiff CRYSTAL CISNEROS ("CISNEROS", "Ms. Cisneros", or "Plaintiff") was at all times relevant to this action a resident of the United States and a domiciliary of the State of California. While an employee of Defendant, and at all times relevant to this action, Plaintiff resided in San Diego County, California.

2.    Plaintiff was at all times relevant to this action an employee of AUTOZONERS, LLC. ("AUTOZONER" or "Defendant") and AUTOZONE, INC. ("AUTOZONE" or "Defendant"). In or about August 20, 2004, Ms. Cisneros began her employment with Defendant. On or around July 20, 2021, Ms. Cisneros was unlawfully terminated from her employment.

3.    Defendant AUTOZONERS, LLC. was at all-times relevant to this action a corporation with locations in San Diego County, California, and registered in the state of Nevada. At all times relevant to the complaint, Defendant met the requirements of FEHA to fall under its purview, including having five or more employees.

4.    Defendant AUTOZONE, INC. was at all-times relevant to this action a corporation with locations in San Diego County, California, and registered in the state of Nevada. At all times relevant to the complaint, Defendant met the requirements of FEHA to fall under its purview, including having five or more employees.

5.    Plaintiff is informed and believes and thereon alleges that each of these defendants named herein as DOES are the agents, employers, representatives or employees of the other named defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is responsible in some manner for the occurrences alleged and plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendant and

2

1   all of its acts. Plaintiff will seek leave of court to amend this complaint to set forth the true names

2   and capacities of such named defendants when their identities become known to them.

3        6.    Defendant is the "supervisor" or "manager" within the meaning of California

4   Government Code § 12940, et seq.

5        7.    Plaintiff seeks compensatory damages, costs of suit herein, and attorneys'

6

7   fees pursuant to Cal. Gov't Code §12940 et seq.

8        8.    As a further legal result of the unlawful and wrongful actions of Defendant and each

9   of its agents against Plaintiff as alleged herein, Plaintiff has been harmed in that she suffered

10  emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

11

12  

**JURISDICTION AND VENUE**

13       9.    Jurisdiction is proper in the Superior Court for the County of San Diego, pursuant to

14  Section 410.10 of the California Code of Civil Procedure because it has general subject matter

15  jurisdiction and no statutory exceptions to jurisdiction exist.

16       10.    Venue is proper in the County of San Diego pursuant to Section 395.5 of the

17

18  California Code of Civil Procedure because the obligations and liabilities of the Defendant arose

19  within the County of San Diego.

20  

**STATEMENT OF FACTS**

21       11.    Plaintiff Crystal Cisneros (herein "Ms. Cisneros") worked full time as a Territory

22  Sales Manager for DEFENDANTS in San Diego, California at its San Marcos location from on

23  or around August 20, 2004 until July 20, 2021. DEFENDANTS are a vehicle parts seller and

24

25  distributor.

26       12.    On or around September 2020, after approximately sixteen (16) years of

27  employment with DEFENDANTS, Ms. Cisneros met with Benjamin Rojas, the Regional Sales

28  Commercial Manager for DEFENDANTS, and requested a promotion. Promptly, ROJAS denied

3

1    the request. Throughout the entirety of her employment, Ms. Cisneros never received a negative

2    admonishment. After this promotion request, Ms. Cisneros received her first negative

3    admonishment from DEFENDANTS.

4         13.    After Ms. Cisneros' promotional request, Ricardo Bonilla, Regional Manager for

5    DEFENDANTS, informed Ms. Cisneros that her request was denied due to her status as a mother.

6    BONILLA informed Ms. Cisneros that her children's activities and needs would interfere with

7    her ability to perform the job duties and responsibilities required for the promoted position.

8    BONILLA also told Ms. Cisneros that she needed to keep her head low because it "was not the

9    time to review options."

10        14.    On or around March 30, 2020 through April 30, 2020, Ms. Cisneros physician

11   placed her on medical leave, as a result of her deteriorating health. While out on medical leave,

12   Ms. Cisneros continued to receive work phone calls and text messages from DEFENDANTS.

13   During this time, Ms. Cisneros doctors diagnosed her as a high-risk individual for COVID-19

14   infection complications, due to underlying health conditions.

15        15.    During her employment, Ms. Cisneros was required to travel to many different

16   store locations.  The required travel and frequent close exposure to employees and customers,

17   greatly increased Ms. Cisneros's exposure to COVID-19 infection. DEFENDANTS' COVID-19

18   reporting protocols were that if an employee had close contact with someone who tested positive

19   for COVID-19, only the higher managers were notified. Field Managers and lower employees of

20   DEFENDANT were not automatically notified if they were in contact with someone who tested

21   positive for COVID.

22        16.    On or around throughout February 2021 through June 2021, Ms. Cisneros openly

23   communicated with ROJAS regarding her ongoing health issues and medical needs. On or around

24   February 2021 through June 2021, Ms. Cisneros submitted doctors notes for scheduling

4

accommodations to attend doctor appointments.

17. On or around April 2021, DEFENDANTS discouraged employees from taking personal and sick leave. BONILLA specifically stated to Ms. Cisneros and other Regional Managers that as leaders within the company, they were expected to not take any time off, as they were expected to be an example to others. This message was reiterated on or around late April 2021 on a company conference call.

18. On or around late May 2021, ROJAS and Sheila Anyiwo (herein "ANYIWO"), Regional HR Manager for DEFENDANTS, called Ms. Cisneros into their office for a meeting. During this meeting, ROJAS informed Ms. Cisneros that she was receiving a "verbal warning" for noncompliance. ROJAS informed Ms. Cisneros that she was receiving this write up, as a result of her performance. During the meeting, Ms. Cisneros asked for her attainment score, which is DEFENDANTS metric of performance. In response, ROJAS confirmed that she held a 99% attainment score.

19. On or around June 14, 2021, Ms. Cisneros' physician placed her on medical leave, as a result of her deteriorating health. While out on medical leave, Ms. Cisneros continued to receive work phone calls and text messages from DEFENDANTS. Throughout her leave of absence, Ms. Cisneros made it a point to constantly communicate with ROJAS about her health and her leave. Ms. Cisneros was scheduled to return to work the week of July 25, 2021.

20. On or around June 2021 through July 2021, while Ms. Cisneros was out on medical leave, Christina Carrillo (herein "CARRILLO"), an employee of DEFENDANTS, harassed Ms. Cisneros. CARRILLO frequented Ms. Cisneros's social media and screenshotted Ms. Cisneros's social media photos. CARRILLO compiled photos, transmitted them to ROJAS, and falsely accused Ms. Cisneros of working during her medical leave for DEFENDANTS' industry competitor. Ms. Cisneros complained to ROJAS about CARRILLO's harassment. Ms. Cisneros

5

complaints went ignored and the harassment continued.

21.    On July 21, 2021, Ms. Cisneros received a letter in the mail from DEFENDANT, which was transmitted via FedEx overnight delivery. The letterhead was dated July 16, 2021, however, the "ship date" on the FedEx packaging stated July 20, 2021. This letter stated that Ms. Cisneros's Leave of Absence was expiring soon. The letter requested further documentation and information from Ms. Cisneros and stated, "If this information is not received or if you do not contact us regarding this request within three days of your receipt of this notice, we will accept your failure to respond as a voluntary resignation."

22.    On or around July 22, 2021, Ms. Cisneros received a text message from her former supervisor, James Sanchez, stating: "Oh you're gone too?" Mr. Sanchez thought that Ms. Cisneros had quit. Ms. Cisneros communicated that she was on a leave of absence, as well as the letter that she had received in the mail the day prior. In response, SANCHEZ stated, "Wow! Well someone dropped the ball on that."

23.    On or around July 22, 2021, one day after Ms. Cisneros received Defendant's letter, Ms. Cisneros asked ROJAS for the status of her employment. ROJAS instructed Ms. Cisneros to call DEFENDANTS' Benefits Department. Ms. Cisneros contacted DEFENDANTS' Benefits Department to obtain her employment status but never received a response.

24.    Later, on or around July 23, 2021, Christy Hopkins, DEFENDANTS' Manager of Human Resources, informed Ms. Cisneros that she could appeal her termination or reapply for the same position with DEFENDANTS'. On August 19, 2021, Ms. Cisneros appealed her termination. During the appeal process, Ms. Cisneros learned that she was terminated by Defendant on July 20, 2021, the same on day on which Defendant mailed the letter informing Ms. Cisneros that her leave of absence was expiring soon and required her action within three days of her receipt.

6

25.    On December 8, 2022, Plaintiff filed her Complaint of Discrimination with the Department of Fair Employment and Housing ("DFEH").  On that same date, the DFEH issued Plaintiff her Right-to-Sue letter.  This action is filed within one year of the date of that Right-to-Sue letter.  Attached hereto as "EXHIBIT A" is the DFEH Right-to-Sue letter.

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT

## FOR RETALIATION & INTERFERENCE FOR THE EXERCISE OF CFRA RIGHTS

## (Cal. Gov't Code § 12945.1, *et seq.*)

26.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

27.    At all times herein mentioned, Government Code Sections §12945.1 and §12945.2 were in full force and effect, and was binding upon Defendants. Said section required said Defendants, their employees and agents, to not retaliate, interfere with and/or discriminate against Plaintiff for requesting and/or taking time off for statutory family care and medical leave. Moreover, at all times herein mentioned, California Code of Regulations Title 2 §7297.7 was in full force and effect and was binding upon Defendants.

28.    Plaintiff was a full-time employee whom Defendant employed for over one year and, on information and belief, worked over 1,250 hours in the twelve-month period immediately preceding her CFRA leave.  Defendant was at all relevant times an eligible employer as defined by California Government Code section 12945.2, subdivision (c)(2)(A).

29.    Pursuant to Government Code Section 12945.2(a) family care and medical leave requested shall not be deemed to have been granted unless the employer provides the employee a guarantee of employment in the same or comparable position upon the termination of leave. Defendant's statements and conduct represent a violation of CFRA, California Government Code

7

Section 12945.2, subdivision (a) et seq.

29.   Plaintiff is informed and believes and thereon alleges that the acts of Defendants in terminating her from her employment while she utilized her protected CFRA leave is an unlawful employment practice in violation of the California *Family Rights Act, Government Code* §12945.2 and *California Code of Regulations* Title 2 §7297.7.

30.   The missed workdays to care for Plaintiff's medical condition frustrated Defendant, and it retaliated against Plaintiff for her missed time by creating the overall hostile terms and conditions of employment and terminating her employment. This interference and retaliation were meant to punish Plaintiff's use of leave, future use of leave, and thereby discourage the use of leave in the future, including protected family care and/or medical leave once it became available.

31.   The above-described protected medical leave taken by Plaintiff, and the expectation that she would use protected medical leave in the future, were substantial motivating reasons for Defendant's create the overall hostile terms and conditions of employment and terminate her employment.

32.   Defendant's interference of Plaintiff right to take CFRA and/or retaliation for taking CFRA leave was a substantial factor in causing Plaintiff's harm.

33.   As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

34.   As an actual and proximate result of Defendant's willful and intentional conduct, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

8

35.   As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

36.   As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### RETALIATION

**[Gov. Code, § 12940, subd. (h)]**

37.   Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

38.   This cause of action is asserted against Defendants.

39.   At all relevant times, Plaintiff was an employee of Defendants.

40.   At all times relevant to this action, it was unlawful under Government Code section 12940, subdivision (h), and California Code of Regulations, title 2, section 11021 for Defendant to retaliate against Plaintiff for complaining about illegal practices. Defendant violated Government Code section 12940, subdivision (h), and California Code of Regulations, title 2, section 11021 by retaliating against Plaintiff for her complaints of harassment, and unduly criticizing her work, holding Plaintiff to unattainable standards not required of other employees, and creating overall hostile terms and conditions of her employment.

41.   Plaintiff's complaints regarding illegal harassment and discrimination based on her gender and disability were substantial motivating reasons for Defendants' decision to unduly criticize her work, hold Plaintiff to unattainable standards not required of other employees, and the creation of overall hostile terms and conditions of her employment, ending in the unlawful

9

termination of Plaintiff.

42.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

43.     As an actual and proximate result of Defendant's aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

44.     As an actual and proximate result of Defendant's willful and intentional retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

45.     As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced exhaustion, stress, anxiety, flareups of her disease, rapid heartbeat, restless sleep, stomach problems, loss of appetite, and hopelessness. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

46.     As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

47.     The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

///

///

///

Plaintiff's Complaint for Damages and Demand for Jury Trial
*Crystal Cisneros v. AutoZoners, LLC, et al.*                                                    Sarah E. Gallagher, Esq.

**THIRD CAUSE OF ACTION**

**RETALIATION**

**[Cal. Lab. Code § 1102.5]**

48.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in all preceding paragraphs as though fully set forth herein.

49.    This cause of action is asserted against all Defendants.

50.    At all relevant times, Plaintiff was an employee of Defendants.

51.    Labor Code section 1102.5, subdivision (b), states that "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Labor Code section 1102.5, subdivision (c), states that an "employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation."

52.    Plaintiff repeatedly told her supervisors that she was experiencing health-related issues and that she would not be able to do work that was not hers because of her negative performance review. Plaintiff repeatedly complained about illegal harassment and discrimination, that she endured at the hands of Defendants, while she was out on medical leave. Defendants'

11

conduct violated statues such as: Labor Code Sections 6310, 6311, 6400, 6401, 6402, 6403, and 6404; Government Code sections 12940(a), (h), (j), (k), (m), (n), section 12945.1, and section 12945.2.

53.     Defendants violated Labor Code section 1102.5 when it unlawfully retaliated against Plaintiff by taking adverse employment actions against Plaintiff, including but not limited to, failing to accommodate her disabilities, unduly criticizing her work, holding Plaintiff to unattainable standards not required of other employees, interfering with her use and request for medical leave, and creating overall hostile terms and conditions of her employment, which eventually culminated in Defendants termination of Plaintiff.

54.     Plaintiff's protected complaints about her work environment were a contributing factor in the decision to fail to accommodate her disabilities, unduly criticize her work, hold Plaintiff to unattainable standards not required of other employees, and the creation of overall hostile terms and conditions of her employment.

55.     Defendants' failure to accommodate her disabilities, undue criticism of her work, holding of Plaintiff to unattainable standards not required of other employees, and creation of the overall hostile terms and conditions of her employment were substantial factors in causing her harm.

56.     As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court.

57.     As an actual and proximate result of Defendants' retaliation, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

58.     As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced exhaustion, stress, anxiety, flareups of her disease,

Plaintiff's Complaint for Damages and Demand for Jury Trial
*Crystal Cisneros v. AutoZoners, LLC, et al.*                                           Sarah E. Gallagher, Esq.

1  rapid heartbeat, restless sleep, stomach problems, loss of appetite, and hopelessness. Plaintiff

2  claims general damages for physical injury in an amount according to proof at time of trial.

3       59.     As an actual and proximate result of Defendants' aforementioned acts, Plaintiff

4  also suffered mental upset and other emotional distress. Plaintiff claims general damages for

5
   mental distress in an amount according to proof at time of trial.
6
7       60.     The above-described actions were perpetrated and/or ratified by a managing agent

8  or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless

9  disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the

10  imposition of punitive damages in a sum sufficient to punish and deter Defendant's future

11
    conduct.
12

13  **FOURTH CAUSE OF ACTION**

14  **DISCRIMINATION**

15  **[Gov. Code § 12940(a)]**

16       61.     Plaintiff re-alleges and incorporates by reference each and every allegation contained

17
    in all preceding paragraphs as though fully set forth herein.
18
19       62.     At all times mentioned herein, Cal. Gov't Code § 12940(a) was in full force and

20  effect and was binding on Defendant. Government Code section 12940, subdivision (a), reads:

21  "It is an unlawful employment practice... [f]or an employer, because of the race, religious creed,

22  color, national origin, ancestry, physical disability, mental disability, medical condition, genetic

23
    information, marital status, sex, gender, gender identity, gender expression, age, or sexual
24
25  orientation of any person, to refuse to hire or employ the person or to refuse to select the person

26  for a training program leading to employment, or to bar or to discharge the person from

27  employment or from a training program leading to employment, or to discriminate against the

28  person in compensation or in terms, conditions, or privileges of employment."

13

63.     At all times relevant to this matter, Plaintiff was a female, whom suffered from a "mental disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(1), and/or a "perceived disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(5), and/or a "perceived potential disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(6), and/or a "physical disability" as defined by Government Code section 12926, subdivision (m), and California Code of Regulations, title 2, section 11065, subdivision (d)(2). In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code section 12926, subdivision (f), and California Code of Regulations, title 2, section 11065, subdivision (e), and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code section 12926, subdivision (p), and California Code of Regulations, title 2, section 11068, subdivision (a).

64.     Defendant conduct violated Government Code section 12940, subdivision (a), consistent with California Code of Regulations, title 2, section 11066. Specifically, Defendant knew of Plaintiff's disabilities that limited major life activities. In spite of her disabilities, Plaintiff was able to perform the essential functions of her position with reasonable accommodation. Further, Defendant discriminated against Plaintiff based on her disability and gender, when it overlooked, disregarded and passed up Plaintiff for promotional opportunities, advancements and positions in the workplace, as a result of her status as a female, mother and disabled person.

65.     As set forth above, Defendant unlawfully discriminated against Plaintiff because of her gender and disabilities by terminating her employment in anticipation of her taking future medical leave and for past medical leaves and creating the overall hostile terms and conditions of

14

employment and for her status as a female and mother. Defendant condoned an environment that, among other things, tolerated and encouraged discrimination based on disability that materially and negatively impacted the terms and conditions of Plaintiff's employment. Defendant's statements and conduct complained of herein violated Government Code section 12940, subdivision (a), and the California Code of Regulations, title 2, sections 11019 and 11020.

66.    Plaintiff's gender and disability were a substantial motivating reasons for Defendant's decision to terminate Plaintiff's employment and create the overall hostile terms and conditions of employment.

67.    Defendant's conduct was a substantial factor in causing Plaintiff harm.

67.    As an actual and proximate result of the aforementioned violations, Plaintiff has damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out of pocket expenses and any such other relief that this Court deems proper.

68.    As an actual and proximate result of Defendant's willful and intentional discrimination, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

69.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

70.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

///

///

15

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

71.     The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

72.     This cause of action is asserted against Defendants.

73.     At all relevant times, Plaintiff was an employee of Defendants.

74.     At all times relevant to this matter, the Fair Employment and Housing Act, Government Code section 12940, was in full force and effect and binding on Defendant. Government Code section 12940, subdivision (n), reads: "It is an unlawful employment practice . . . [f]or an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

75.     At all times relevant to this matter, Plaintiff suffered from a "disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(1), and/or a "perceived disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(5), and/or a "perceived potential disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(6). In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code section 12926, subdivision (f), and California Code of Regulations, title 2, section 11065, subdivision (e), and was otherwise able to perform her job had Defendant provided the reasonable accommodation required by Government Code section 12926, subdivision (p), and California Code of Regulations, title 2,

16

section 11068, subdivision (a). Defendant's conduct violated Government Code section 12940, subdivision (a), consistent with California Code of Regulations, title 2, section 11066. Specifically, Defendant knew of Plaintiff's disabilities that limited major life activities. In spite of her disability, Plaintiff was able to perform the essential functions of her position with reasonable accommodation.

76.     Although Plaintiff provided notice to Defendant regarding her disability, Defendant failed to accommodate Plaintiff's as set forth above through terminating her during her Defendant-approved Leave of Absence. Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements. Defendant failed to approach Plaintiff to discuss the possible accommodation of her disability with her or her health care providers in good faith. Defendant did not discuss the nature and extent of Plaintiff's disability, the advice and recommendation of her health care providers, the extent of the necessary accommodation, and the need for future accommodation as well as other important areas of inquiry recognized in the Unites States Equal Employment Opportunity Commission's "Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans With Disabilities Act" noted by the California Legislature in Government Code section 12926.1, subdivision (e). Defendant's obligation to engage in the interactive process of accommodation was not excused or waived by Plaintiff. Because Defendant failed to engage in the important interactive process between employee and employer in determining reasonable accommodation, Defendant's conduct violated Government Code section 12940, subdivision (n).

77.     Defendant's failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff harm.

78.     As an actual and proximate result of the aforementioned violations, Plaintiff has

been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out-of-pocket expenses and any such other relief that this Court deems proper.

79.    As an actual and proximate result of Defendant's willful and intentional failure to engage in the interactive process, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

80.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced exhaustion, stress, anxiety, flareups of her disease, rapid heartbeat, restless sleep, stomach problems, loss of appetite, and hopelessness. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

81.    As an actual and proximate result of Defendant's aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

82.    The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## SIXTH CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### (Gov. Code, § 12940, subd. (m))

83.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

18

84.     This cause of action is asserted against Defendants.

85.     At all relevant times, Plaintiff was an employee of Defendants.

86.     At all times relevant to this matter, the Fair Employment and Housing Act, Government Code section 12940, were in full force and effect and binding on Defendant. Section 12940, subdivision (m), reads: "It is an unlawful employment practice . . . [f]or an employer or other entity covered by this part to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee. Nothing in this subdivision or in paragraph (1) or (2) of subdivision (a) shall be construed to require an accommodation that is demonstrated by the employer or other covered entity to produce undue hardship, as defined in Section 12926(t), to its operation."

87.     At all times relevant to this matter, Plaintiff suffered from a "disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(1), and/or a "perceived disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(5), and/or a "perceived potential disability" as defined by Government Code section 12926, subdivision (j), and California Code of Regulations, title 2, section 11065, subdivision (d)(6). In spite of her disability, Plaintiff was able to perform the essential functions of her position as defined by Government Code section 12926, subdivision (f), and California Code of Regulations, title 2, section 11065, subdivision (e), and was otherwise able to perform her job had Defendant(s) provided the reasonable accommodation required by Government Code section 12926, subdivision (p), and California Code of Regulations, title 2, section 11068, subdivision (a). Defendant's conduct violated Government Code section 12940, subdivision (a), consistent with California Code of Regulations, title 2, section 11066. Specifically, Defendant knew of Plaintiff's illness that temporarily limited major life activities.

19

In spite of her disability, Plaintiff was able to perform the essential functions of her position up until her approved Leave of Absence.

88. Plaintiff provided notice relating to her disability. Despite Plaintiff's disability, she was able to perform the essential duties of her position with reasonable accommodations. However, Defendant refused to accommodate Plaintiff, and unlawfully terminated her employment during her Defendant-approved Leave of Absence. Defendant cannot establish that allowing Plaintiff's reasonable accommodations were an "undue hardship" as defined by Government Code section 12926, subdivision (t), and the California Code of Regulations, title 2, section 11068. Accordingly, Defendant's conduct violated Government Code section 12940, subdivision (m).

89. Defendant's failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

90. As an actual and proximate result of the aforementioned violations, Plaintiff has been harmed in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out of pocket expenses and any such other relief that this Court deems proper.

91. As an actual and proximate result of Defendant's willful and intentional failure to reasonably accommodate, Plaintiff has lost wages, benefits, and other out-of-pocket expenses.

92. As an actual and proximate result of Defendant's aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced exhaustion, stress, anxiety, flareups of her disease, rapid heartbeat, restless sleep, stomach problems, loss of appetite, and hopelessness. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

93. As an actual and proximate result of Defendant's aforementioned acts, Plaintiff

20

1   also suffered mental upset and other emotional distress. Plaintiff claims general damages for

2   mental distress in an amount according to proof at time of trial.

3       94.    The above-described actions were perpetrated and/or ratified by a managing agent

4   or officer of Defendant. These acts were done with malice, fraud, oppression, and in reckless

5
6   disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the

7   imposition of punitive damages in a sum sufficient to punish and deter Defendant's future

8   conduct.

9   **SEVENTH CAUSE OF ACTION**

10  **FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

11  **[Gov. Code §12940(k)]**

12
13      95.    Plaintiff realleges and incorporates herein by reference each and every allegation in

14  the preceding and subsequent paragraphs.

15      96.    Government Code §12940(k) makes it unlawful for an employer "to fail to take all

16  reasonable steps necessary to prevent discrimination . . . from occurring." Gov't Code §12940(k)

17
18  (2020). "[R]etaliation is a form of discrimination actionable under [Government Code] section

19  12940, subdivision (k)." *Taylor v. City of L.A. Dep't of Water & Power*, 144 Cal. App. 4th 1216,

20  1240 (2006) (disapproved on other grounds in *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th

21  1158, 1173-74 (2008)).

22      97.    As set forth above, Defendant discriminated and harassed Plaintiff based on her

23
24  gender and disability and retaliated against Plaintiff for making numerous protected complaints to

25  Defendant regarding harassment and discrimination.

26      98.    At all times mentioned herein, Defendant was aware of the discriminatory, harassing

27  and retaliatory conduct toward Plaintiff and failed to take reasonable steps to prevent such conduct

28  from occurring, in violation of Government Code §12940(k).

Plaintiff's Complaint for Damages and Demand for Jury Trial
*Crystal Cisneros v. AutoZoners, LLC, et al.*                                    Sarah E. Gallagher, Esq.

99.    As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial losses in earnings, earning capacity, and other benefits of employment, all in an amount to be determined according to proof at the time of trial.

100.    As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all in an amount to be determined according to proof at the time of trial.

101.    In performing the acts alleged, which were committed, authorized, and/or adopted and approved by Defendant's officers, directors, or managing agents, Defendant acted with oppression, fraud, malice, and with conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

102.    Plaintiff is also entitled to attorneys' fees and costs pursuant to Government Code §12965(b), because of Defendant's wrongful conduct.

## EIGHTH CAUSE OF ACTION

### HARASSMENT

### (Gov. Code, § 12940, subd. (j))

103.    The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

104.    This cause of action is asserted against Defendants.

105.    At all relevant times, Plaintiff was an employee of Defendants.

106.    At all times relevant to this matter, the Fair Employment and Housing Act and Government Code section 12940 were in full force and effect and binding on Defendants. Government Code section 12940, subdivision (j), reads, "It is an unlawful employment practice . . . [f]or an employer, labor organization, employment agency, apprenticeship training program or

Plaintiff's Complaint for Damages and Demand for Jury Trial
*Crystal Cisneros v. AutoZoners, LLC, et al.*                                    Sarah E. Gallagher, Esq.

1  any training program leading to employment, or any other person, because of race, religious creed,

2  color, national origin, ancestry, physical disability, mental disability, medical condition, genetic

3  information, marital status, sex, gender, gender identity, gender expression, age, or sexual

4  orientation, to harass an employee, an applicant, or a person providing services pursuant to a

5  contract."

6

7        107.    Defendants were at all material times an "employer" within the meaning of

8  Government Code section 12926, subdivision (d), and, as such, barred from illegal harassment as

9  set forth in Government Code section 12940, subdivision (j). Plaintiff was subjected to unwanted

10  harassing conduct because of her disability, gender, status as a mother, requests for medical leave,

11  use of medical leave, and/or protected complaints of unlawful activity. This harassing conduct

12  included failing to accommodate her disabilities, unduly criticizing her work, holding Plaintiff to

13  unattainable standards not required of other employees, interfering with her right to take protected

14

15  leave, denying her promotional opportunities and creating overall hostile terms and conditions of

16  her employment. These deplorable acts were persistent throughout Plaintiff's employment with

17  Defendant. This harassing conduct was conducted by Defendant and its managing agents and

18  employees, who created an environment that, among other things, tolerated and encouraged

19

20  harassment against Plaintiff that impacted the terms and conditions of Plaintiff's employment.

21  The statements and conduct on the part of Defendants and its managing agents and employees

22  complained of herein represent a violation of Government Code section 12940, subsection (j),

23  and the California Code of Regulations, title 2, sections 11019 and 11020.

24

25        108.    A reasonable person in Plaintiff's circumstances would have considered the work

26  environment to be hostile or abusive. The environment of harassment was severe and/or

27  pervasive.

28        109.    The conduct of Defendants and/or their managing agents and employees was a

23

substantial factor in causing Plaintiff's harm.

110.    As an actual and proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof, but in an amount in excess of the jurisdiction of this Court. Plaintiff also seeks "affirmative relief" or "prospective relief" as defined by Government Code section 12926, subdivision (a), including back pay, reimbursement of out of pocket expenses and any such other relief that this Court deems proper.

111.    As an actual and proximate result of Defendants' aforementioned acts, Plaintiff suffered physical injury. Plaintiff experienced exhaustion, stress, anxiety, flareups of her disease, rapid heartbeat, restless sleep, stomach problems, loss of appetite, and hopelessness. Plaintiff claims general damages for physical injury in an amount according to proof at time of trial.

112.    As an actual and proximate result of Defendants' aforementioned acts, Plaintiff also suffered mental upset and other emotional distress. Plaintiff claims general damages for mental distress in an amount according to proof at time of trial.

113.    The above-described actions were perpetrated and/or ratified by a managing agent or officer of Defendants. These acts were done with malice, fraud, oppression, and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant's future conduct.

## NINTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

114.    Plaintiff incorporates herein by this reference all preceding paragraphs of the Complaint as though fully set forth anew.

115.    The above-described conduct of Defendants constitutes retaliation, harassment and discrimination, and wrongful termination in violation of public policy embodied in the California

Labor Code §§ 98.6, 1102.5 and 1102.6. 12940 *et seq.*

116.    As a result of Defendant's wrongful termination of Plaintiff, she has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. In addition to such other damages as may be properly recovered herein, Plaintiff is entitled to recover prevailing party attorney fees.

117.    Defendant acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**Plaintiff's Complaint for Damages and Demand for Jury Trial**
*Crystal Cisneros v. AutoZoners, LLC, et al.*                                    Sarah E. Gallagher, Esq.

## **PRAYER FOR RELIEF**

118.    WHEREFORE, Plaintiff demands judgment against Defendants and any other defendants who may be later added to this action as follows:

119.    For compensatory damages, including, but not limited to lost wages and non-economic damages in the amount according to proof;

120.    For attorneys' fees and costs pursuant to all applicable statues or legal principles;

121.    For cost of suit incurred;

122.    For punitive damages or other penalties recoverable by law;

123.    For prejudgment interest on all amounts claimed pursuant to Civil Code section 3287 and/or 3288; and

124.    For such other and further relief as the court may deem proper.


**GOLD COAST COUNSEL**


Date:  December 8, 2022          By: _____

                                SARAH E. GALLAGHER, ESQ.
                                Attorney for Plaintiff,
                                CRYSTAL CISNEROS

26

# EXHIBIT "A"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 8, 2022

Sarah Gallagher
421 Broadway PMB #1533
San Diego, CA 92101

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202212-19083908
Right to Sue: Cisneros / Autozoners, LLC et al.

Dear Sarah Gallagher:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 8, 2022

RE: **Notice of Filing of Discrimination Complaint**
CRD Matter Number: 202212-19083908
Right to Sue: Cisneros / Autozoners, LLC et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

## Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                            KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 8, 2022

Crystal Cisneros
421 Broadway PMB #1533
San Diego, CA 92101

RE:    **Notice of Case Closure and Right to Sue**
       CRD Matter Number: 202212-19083908
       Right to Sue: Cisneros / Autozoners, LLC et al.

Dear Crystal Cisneros:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 8, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

CRD - ENF 80 RS (Revised 10/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

2

3

4

**In the Matter of the Complaint of**

5

Crystal Cisneros                                            CRD No. 202212-19083908

6

Complainant,

7

vs.

8

Autozoners, LLC
28 Liberty Street
New York, NY 10005

9

10

Autozone, Inc.
28 Liberty Street
New York, NY 10005

11

12

Respondents

13

_____

14

**1.** Respondent **Autozoners, LLC is an employer** subject to suit under the California Fair
Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

15

16

**2.** Complainant is naming **Autozone, Inc.** business as Co-Respondent(s).

17

**3.** Complainant **Crystal Cisneros**, resides in the City of **San Diego**, State of **CA.**

18

19

**4.** Complainant alleges that on or about **July 20, 2021**, respondent took the following
adverse actions:

20

**Complainant was harassed** because of complainant's sex/gender, gender identity or
expression, genetic information or characteristic, disability (physical or mental), medical
condition (cancer or genetic characteristic), other, family care or medical leave (cfra).

21

22

**Complainant was discriminated against** because of complainant's sex/gender, gender
identity or expression, genetic information or characteristic, disability (physical or mental),
medical condition (cancer or genetic characteristic), other, family care or medical leave (cfra)
and as a result of the discrimination was terminated, laid off, denied hire or promotion,
reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related
questions, denied any employment benefit or privilege, denied reasonable accommodation

23

24

25

26

-1-
*Complaint – CRD No. 202212-19083908*

27

Date Filed: December 8, 2022

28

CRD-ENF 80 RS (Revised 10/22)

1    for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

2

3    **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, denied hire or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

4

5

6

7

8    **Additional Complaint Details:** Plaintiff Crystal Cisneros (herein "Ms. Cisneros") worked full time as a Territory Sales Manager for DEFENDANTS in San Diego, California at its San Marcos location from on or around August 20, 2004 until July 20, 2021. DEFENDANTS are a vehicle parts seller and distributor.

9

10

11    On or around September 2020, after approximately sixteen (16) years of employment with DEFENDANTS, Ms. Cisneros met with Benjamin Rojas, the Regional Sales Commercial Manager for DEFENDANTS, and requested a promotion. Promptly, ROJAS denied the request. Throughout the entirety of her employment, Ms. Cisneros never received a negative admonishment. After this promotion request, Ms. Cisneros received her first negative admonishment from DEFENDANTS.

12

13

14    After Ms. Cisneros' promotional request, Ricardo Bonilla, Regional Manager for DEFENDANTS, informed Ms. Cisneros that her request was denied due to her status as a mother. BONILLA informed Ms. Cisneros that her children's activities and needs would interfere with her ability to perform the job duties and responsibilities required for the promoted position. BONILLA also told Ms. Cisneros that she needed to keep her head low because it "was not the time to review options."

15

16

17

18    On or around March 30, 2020 through April 30, 2020, Ms. Cisneros physician placed her on medical leave, as a result of her deteriorating health. While out on medical leave, Ms. Cisneros continued to receive work phone calls and text messages from DEFENDANTS. During this time, Ms. Cisneros doctors diagnosed her as a high-risk individual for COVID-19 infection complications, due to underlying health conditions.

19

20

21    During her employment, Ms. Cisneros was required to travel to many different store locations. The required travel and frequent close exposure to employees and customers, greatly increased Ms. Cisneros's exposure to COVID-19 infection. DEFENDANTS' COVID-19 reporting protocols were that if an employee had close contact with someone who tested positive for COVID-19, only the higher managers were notified. Field Managers and lower employees of DEFENDANT were not automatically notified if they were in contact with someone who tested positive for COVID.

22

23

24

25

26                                     -2-

27    Date Filed: December 8, 2022

28

                                             CRD-ENF 80 RS (Revised 10/22)

On or around throughout February 2021 through June 2021, Ms. Cisneros openly communicated with ROJAS regarding her ongoing health issues and medical needs. On or around February 2021 through June 2021, Ms. Cisneros submitted doctors notes for scheduling accommodations to attend doctor appointments.

On or around April 2021, DEFENDANTS discouraged employees from taking personal and sick leave. BONILLA specifically stated to Ms. Cisneros and other Regional Managers that as leaders within the company, they were expected to not take any time off, as they were expected to be an example to others. This message was reiterated on or around late April 2021 on a company conference call.

On or around late May 2021, ROJAS and Sheila Anyiwo (herein "ANYIWO"), Regional HR Manager for DEFENDANTS, called Ms. Cisneros into their office for a meeting. During this meeting, ROJAS informed Ms. Cisneros that she was receiving a "verbal warning" for noncompliance. ROJAS informed Ms. Cisneros that she was receiving this write up, as a result of her performance. During the meeting, Ms. Cisneros asked for her attainment score, which is DEFENDANTS metric of performance. In response, ROJAS confirmed that she held a 99% attainment score.

On or around June 14, 2021, Ms. Cisneros' physician placed her on medical leave, as a result of her deteriorating health. While out on medical leave, Ms. Cisneros continued to receive work phone calls and text messages from DEFENDANTS. Throughout her leave of absence, Ms. Cisneros made it a point to constantly communicate with ROJAS about her health and her leave. Ms. Cisneros was scheduled to return to work the week of July 25, 2021.

On or around June 2021 through July 2021, while Ms. Cisneros was out on medical leave, Christina Carrillo (herein "CARRILLO"), an employee of DEFENDANTS, harassed Ms. Cisneros. CARRILLO frequented Ms. Cisneros's social media and screenshotted Ms. Cisneros's social media photos. CARRILLO compiled photos, transmitted them to ROJAS, and falsely accused Ms. Cisneros of working during her medical leave for DEFENDANTS' industry competitor. Ms. Cisneros complained to ROJAS about CARRILLO's harassment. Ms. Cisneros complaints went ignored and the harassment continued.

On July 21, 2021, Ms. Cisneros received a letter in the mail from DEFENDANT, which was transmitted via FedEx overnight delivery. The letterhead was dated July 16, 2021, however, the "ship date" on the FedEx packaging stated July 20, 2021. This letter stated that Ms. Cisneros's Leave of Absence was expiring soon. The letter requested further documentation and information from Ms. Cisneros and stated, "If this information is not received or if you do not contact us regarding this request within three days of your receipt of this notice, we will accept your failure to respond as a voluntary resignation."

On or around July 22, 2021, Ms. Cisneros received a text message from her former supervisor, James Sanchez, stating: "Oh you're gone too?" Mr. Sanchez thought that Ms. Cisneros had quit. Ms. Cisneros communicated that she was on a leave of absence, as well

-3-

Date Filed: December 8, 2022

CRD-ENF 80 RS (Revised 10/22)

1    as the letter that she had received in the mail the day prior. In response, SANCHEZ stated,

2    "Wow! Well someone dropped the ball on that."

3    On or around July 22, 2021, one day after Ms. Cisneros received Defendant's letter, Ms. Cisneros asked ROJAS for the status of her employment. ROJAS instructed Ms. Cisneros to

4    call DEFENDANTS' Benefits Department. Ms. Cisneros contacted DEFENDANTS' Benefits Department to obtain her employment status but never received a response.

5

6    Later, on or around July 23, 2021, Christy Hopkins, DEFENDANTS' Manager of Human Resources, informed Ms. Cisneros that she could appeal her termination or reapply for the

7    same position with DEFENDANTS'. On August 19, 2021, Ms. Cisneros appealed her termination. During the appeal process, Ms. Cisneros learned that she was terminated by

8    Defendant on July 20, 2021, the same on day on which Defendant mailed the letter informing Ms. Cisneros that her leave of absence was expiring soon and required her action within three days of her receipt.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                   -4-

*Complaint – CRD No. 202212-19083908*

27 Date Filed: December 8, 2022

28

                                             CRD-ENF 80 RS (Revised 10/22)

1  VERIFICATION

2  I, **Sarah E. Gallagher,** am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On December 8, 2022, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **San Diego, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -5-
                                    *Complaint – CRD No. 202212-19083908*
27
   Date Filed: December 8, 2022
28
                                                    CRD-ENF 80 RS (Revised 10/22)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**12/16/2022** at 06:16:36 PM
Clerk of the Superior Court
By Taylor Crandall,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AUTOZONERS, LLC, a foreign corporation; AUTOZONE, INC., a foreign corporation; and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRYSTAL CISNEROS

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego - Hall of Justice
330 W. Broadway, San Diego, CA 92101

**37-2022-00050312-CU-OE-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sarah Gallagher, Esq., Gold Coast Counsel - 421 Broadway, PMB 1533, San Diego, CA 92101 (833) 727-2442

DATE: 12/19/2022          Clerk, by _T. Crandall_, Deputy
*(Fecha)*          *(Secretario)*     T. Crandall     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Autozone, Inc., a foreign corporation
   under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*